IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
February 6, 2002 Session

# ROBERT TERRY DAVIS, ET AL. v. WILSON COUNTY, TENNESSEE

**Appeal by Permission from the Court of Appeals**
**Chancery Court for Wilson County**
No. 98348     John D. Wootten, Jr., Judge, Sitting by Interchange

---

**No. M2000-00785-SC-R11-CV - Filed March 26, 2002**

---

We granted this appeal to determine whether county employees had a vested interest after retirement in health care benefits provided under resolutions passed by the Wilson County Commission. The chancellor found that the appellants had a vested interest in health care benefits because they were county employees who met the requirement of ten years of service and eight years of continuous service with Wilson County under a 1992 resolution. The Court of Appeals reversed the chancellor's judgment, concluding that the health care benefits were welfare benefits in which the appellants did not have a vested interest. After reviewing the record and applicable authority, we hold that the health care benefits were welfare benefits that did not vest automatically and that there was no clear and express language in the resolutions that the health care benefits were intended to vest or could not be terminated. We therefore affirm the Court of Appeals' judgment.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals Affirmed**

E. RILEY ANDERSON, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and ADOLPHO A. BIRCH, JR., JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

Neal Agee, Jr., Lebanon, Tennessee, for the appellants, Robert Terry Davis and Donald Hamblen.

Michael R. Jennings, Lebanon, Tennessee, for the appellee, Wilson County, Tennessee.

## OPINION

## BACKGROUND

On October 19, 1992, the Wilson County Commission[1] enacted Resolution 92-10-19, which allowed county employees who satisfied certain requirements to retain health care benefits after retirement.  The resolution provided that employees hired before July 1, 1982, who retired before age 65 with eight years of continuous service, could remain on the health care plan until age 65, and that employees hired after July 1, 1982, who retired before age 65 with ten years of service and eight years of consecutive service, could remain on the health care plan until age 65.  The resolution also stated that the county "reserve[d] the right to alter the terms of this agreement and their corresponding financial contribution at any time provided said change is approved by resolution of the county legislative body . . . ."

On November 1, 1992, the resolution was amended by the county commission to state that "[f]or purposes of this policy, an employee is considered retired and eligible to obtain the benefits contained in this policy when they have provided at least ten (10) years of service with the County, with the last eight (8) years required to be continuous service."  The provision was referred to as the "10/8" requirement.

In August of 1998, the Wilson County Commission passed Resolution 98-8-1, which again amended the requirements for receiving continued health care benefits after retirement.  The new resolution provided that a retired employee was eligible for continued coverage after retirement if he or she satisfied one of three categories:  (1) the employee was age 55 with 20 years of service and was covered under the plan for one year prior to retirement; (2) the employee was age 60 with ten years of service and was covered under the plan for three years prior to retirement; or (3) the employee was under age 65 with 30 years of service.  The resolution, which became effective September 1, 1998, also stated that the eight years of continuous service provision remained applicable.

In December of 1998, Wilson County enacted Resolution 98-12-5, which again amended the prior resolutions and created three categories of employees who were eligible for health care benefits after retirement.  Category I consisted of employees who were hired before July 1, 1992 and had ten years of service with at least eight years of continuous service, *i.e.*, the "10/8" requirement. Category II consisted of employees who were hired after July 1, 1992 and before September 1, 1998 and were at least 45 years of age and satisfied the "10/8" requirement.  Finally, Category III consisted of employees who were hired after September 1, 1998 and were at least 55 years of age and satisfied the "10/8" requirement.[2]  Unlike the earlier resolutions, Resolution 98-12-5 contained several "additional stipulations," one of which stated:

---

[1]     The Wilson County Commission is the county legislative body.

[2]     Under Category II, employees between the age of 45 and 55 were required to pay for the benefits until reaching age 55.  Under Category III, an employee retiring at any age with 30 years of service was also eligible for health care benefits.

Anytime the employee goes to work for another employer and insurance is available the employee shall use that program and Wilson County shall drop the insurance on said employee. It is the responsibility of the employee to advise Wilson County that health insurance is available, either if provided by the employer . . . [or] provided to the employee at his cost. After the employee advises Wilson County, Wilson County shall terminate their policy of health insurance at the end of the next month following being advised that insurance was available.

The appellants, Robert Davis, age 48, and Donald Hamblen, age 39, were both employees of the Wilson County Sheriff's Department who were hired before July 1, 1992 and who had at least ten years of service and eight continuous years of service. They filed a complaint in Wilson County Chancery Court in August of 1998, alleging that they were eligible for health care benefits upon retirement under the terms of Resolution 92-10-19 and Resolution 92-11-1. The complaint asked for a declaratory judgment declaring that Resolution 98-8-1 was "void and unenforceable as to persons vested with these rights," and ordering that "those persons be restored all of the legal rights that they had earned under prior resolutions." An amended complaint was later filed alleging that Resolution 98-12-5, which was passed in December of 1998, after the initial complaint was filed, was likewise void and unenforceable against them.[3] The chancellor granted a temporary restraining order staying enforcement of the 1998 resolutions.

Following a bench trial, the chancellor found that Wilson County had contracted with its employees to provide health insurance and that the appellants had a "vested interest" in the health care benefits when they satisfied the requirement of ten years of service and eight years of continuous service under the 1992 resolutions. The chancellor also determined that Wilson County was not permitted to terminate the plan as it pertained to employees whose interest had vested. Wilson County appealed and the Court of Appeals concluded that health insurance benefits were welfare benefits in which the appellants did not have a vested interest. The chancellor's judgment was therefore reversed.

We granted review to address these issues.

## ANALYSIS

The appellants, Davis and Hamblen, contend that the chancellor correctly found that Wilson County had contracted with its employees to provide retirement benefits upon retirement and that

---

[3] Although Category I under Resolution 98-12-5 appeared to cover employees in the appellants' circumstances, *i.e.*, a "grandfather" provision, the appellants maintained that the additional "stipulation" regarding the potential loss of health care benefits upon attaining later employment rendered the resolution void and unenforceable.

their interests in the health care benefits vested when they met the requirements under the 1992 resolutions. They further argue that Wilson County had the authority to amend, but not terminate the benefits. Wilson County responds that it was not obligated to provide health care benefits and that the Court of Appeals correctly ruled that the appellants did not have a vested interest in the health care benefits.

We begin our review by examining the relevant statutory provisions, which provide in part that "[c]ounties are . . . expressly authorized to provide group life, hospitalization, disability, or medical insurance for all county employees and officials." Tenn. Code Ann. § 8-27-501(a) (Supp. 2001).[4] When a county has elected to provide an insurance program under the statutory provisions, "such program may not be discontinued in its entirety unless two thirds (2/3) of the members of the county legislative body or other governing body of the county shall so decide by a vote on such resolution . . . ." Id. § 8-27-506. Accordingly, health care benefits are authorized by statute, but are not required to be provided to county employees and such coverage, when provided, may be amended, modified, changed, or terminated. See also id. § 8-27-502(c).

Although this Court has never addressed whether health care benefits may vest in a county employee, the Court of Appeals relied upon its decision in Hamilton v. Gibson County Utility District, 845 S.W.2d 218 (Tenn. Ct. App. 1992), which dealt with virtually identical circumstances. In Hamilton, the county utility district passed a resolution that allowed employees who were at least 60 years of age or had over 25 years of service to remain on the health care plan until age 65. Although the plaintiff retired at age 63 following 28 years of service, the district terminated his coverage on the basis that the group health plan did not include coverage following retirement. Id. at 219-220. The Court of Appeals rejected the plaintiff's argument that he had a vested contractual interest in receiving health care benefits under the resolution passed by the utility district:

> Insurance coverage provided to employees under a group health insurance plan are classified as "welfare benefit" plans as opposed to pension benefit plans, whereby retirement income is provided for employees. The law is clear that there is no legal requirement on the part of a governmental entity to provide a welfare benefit plan to its employees and if it chooses to do so, the plan may be modified or terminated at any time.

Id. at 223 (citing State ex rel Thompson v. City of Memphis, 147 Tenn. 658, 251 S.W. 46 (1923)).

In our view, the reasoning in Hamilton, which represents the majority view, is persuasive and fully applicable to the present case for several reasons. First, in arriving at its holding, the appellate

---

[4] See also id. § 8-27-401(a) ("Notwithstanding any other provision to the contrary, county legislative bodies or other governing bodies are authorized to provide group life, hospitalization, disability, or medical insurance for county employees.").

4

court in Hamilton relied upon analogous cases under the Employee Retirement Income Security Act (ERISA),[5] which recognize that pension or retirement benefits vest automatically while welfare benefits, such as health care coverage, do not. Hamilton, 845 S.W.2d at 223; see also Gable v. Sweetheart Cup Co., Inc., 35 F.3d 851, 855 (4th Cir. 1994). As a result, the Court of Appeals correctly determined that welfare benefits may be modified or terminated at any time unless the employee meets the burden of establishing that the employer expressly provided that the benefits were intended to vest or were not to be terminated. Hamilton, 845 S.W.2d at 224; see Gable, 35 F.3d at 854-855. As the Sixth Circuit Court of Appeals has said, "vested benefits are forever unalterable, and because employers are not legally required to vest them, . . . 'the intent to vest [welfare benefits] "must be . . . stated in clear and express language."'" Sengpiel v. B.F. Goodrich Co., 156 F.3d 660, 667 (6th Cir. 1998) (alteration in original) (citation omitted); see also Joyce v. Curtiss-Wright Corp., 171 F.3d 130, 135 (2d Cir. 1999) ("We will not infer a binding obligation to vest benefits absent some language that itself reasonably supports that interpretation."); Gable, 35 F.3d at 855 (requiring "clear and express language" of intent to vest welfare benefits).

In addition, the distinction between retirement or pension benefits and welfare benefits drawn in both Hamilton and the analogous ERISA cases is consistent with this Court's holding in Blackwell v. Quarterly County Court of Shelby County, 622 S.W.2d 535 (Tenn. 1981), which was limited to the vesting of an employee's interest in retirement or pension benefits and did not extend to the vesting of welfare benefits. This Court stated that because no contractual rights exist "simply by reason of employment," a retirement plan may be modified "when necessary to protect or enhance the actuarial soundness of the plan, provided that no such modification can adversely affect an employee who has complied with all conditions necessary to be eligible for a retirement allowance." Id. at 540, 543.

Applying these principles to the present case, we note that the resolutions passed by the Wilson County Commission in 1992 extended health care benefits to its employees and that the resolutions included retired employees who met certain requirements. The resolutions passed in 1998 retained the health care benefits for employees, but amended the requirements for covering retired employees. In sum, the health care benefits were welfare benefits that did not automatically vest and could be altered or terminated at any time by Wilson County. See Hamilton, 845 S.W.2d at 224; see also Tenn. Code Ann. § 8-27-506 (1993) (termination of benefits).

Moreover, the resolutions established requirements for eligibility, but contained no clear and express language stating that the health care benefits were intended to vest or could never be amended or terminated. See Sengpiel, 156 F.3d at 668 (finding that language stating that an employee would receive health care benefits upon retirement did not express clear intent that the benefits would vest or never be terminated); compare Helwig v. Kelsey-Hayes Co., 93 F.3d 243, 248 (6th Cir. 1996) (finding that written promises of lifetime health care coverage and no provisions reserving the right to modify or terminate was sufficient to show vested interest). In addition, although the resolutions did not contain an express termination provision, the initial 1992 resolution

---

[5]     29 U.S.C.A. § 1001, et seq. (West 1999).

5

stated that the terms could be altered at any time. See Gable, 35 F.3d at 856 (finding that reserving the right to "modify or terminate [] benefits is plainly inconsistent with any alleged intent to vest those benefits."). Other than the language of the resolutions, no evidence was presented to establish the county commission's intent with respect to the vesting of health care benefits. Accordingly, we agree with the Court of Appeals' conclusion that the appellants did not have a vested interest in the health care benefits under the circumstances of this case.

## CONCLUSION

After reviewing the record and applicable authority, we agree that the health care benefits were welfare benefits that did not vest automatically, and we further hold that there was no clear and express language in the resolutions stating that the benefits were intended to vest or could not be terminated. We therefore affirm the Court of Appeals' judgment. Costs of the appeal are taxed to the appellants for which execution shall issue if necessary.

_____
E. RILEY ANDERSON, JUSTICE

6